IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

IN THE MATTER OF THE SEARCH OF
INFORMATION ASSOCIATED WITH
osamuel87@gmail.com,
THAT IS STORED AT PREMISES
CONTROLLED BY GOOGLE, INC.

Case No. MJ-19-148-B

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, Matthew J. Chakwin, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant for information associated with certain accounts that are stored at premises controlled by Google, Inc., an e-mail provider headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Google, Inc. to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

2. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 of the United States Code, who is empowered by law to conduct investigations of, and to make arrests for, the offenses enumerated in Section 2516 of Title 18 of the United States Code.

3. I am a Special Agent and currently employed by Homeland Security Investigations ("HSI") and have been a federal law enforcement officer since April 2009. My formal education includes a Bachelor of Science Degree in Criminal Justice Studies from Georgia State University. From April 2009 until September 2009, I attended the Federal Law Enforcement Training Center ("FLETC"). During the course of my formalized training at FLETC, I learned the fundamentals of how to conduct criminal investigations.

4. I am currently assigned to the Office of the Resident Agent in Charge, Mobile, Alabama and am charged with investigations relating to organizations that utilize aircraft, boats, cars and other means to smuggle or traffic weapons, drugs, currency, contraband or that use these means to provide logistical support for their illicit operations. I am also involved with investigations related to drug trafficking through and around sea ports of entry. During this time, I have participated in the investigation of various drug trafficking organizations ("DTOs") involved in the acquisition, importation, transportation and distribution of controlled substances into and through the Southern District of Alabama. As the nature of my ongoing work at HSI requires that I keep abreast of recent trends and developments involved in the investigation of DTO's, I also speak with agents from the Drug Enforcement Administration ("DEA"), United States Border Patrol ("USBP"), Customs and Border Protection ("CBP") and various other local law enforcement officers operating within the Southern District of Alabama.

5. As a law enforcement officer since 2009, I have been involved in numerous controlled substance related investigations involving various illegal substances, including heroin, cocaine, methamphetamine and marijuana.

6. By virtue of my employment as a Special Agent with HSI, I have performed or been trained in various tasks, which include, but are not limited to (a) providing surveillance, by

2

observing and recording movements of persons trafficking in controlled substances and those suspected of trafficking in controlled substances; (b) tracing currency and assets gained by controlled substance traffickers from the illegal sale of controlled substances and/or the laundering of monetary instruments; (c) interviewing witnesses, cooperating individuals, and informants relative to the illegal trafficking of controlled substances; and (d) functioning as a case agent, which entails the supervision of specific investigations involving the trafficking of narcotics and the laundering of monetary instruments.

7. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

8. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that conspiracy to possess with the intent to distribute controlled substances in violation of Title 21, United States Code, Section 846, has been committed by **Oscar Samuel OLMEDO-Devo (hereinafter OLMEDO)**. There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband or fruits of these crimes further described in Attachment B.

## JURISDICTION

9. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by Title 18, United States Code, Section 2711. *See* Title 18, United States Code, Sections 2703(a), (b)(1)(A) and (c)(1)(A). Specifically, the Court is a district court of the United States that has jurisdiction over the offenses being investigated. Title 18, United States Code, Section 2711(3)(A)(i).

## PROBABLE CAUSE

10. On August 20, 2019 a search warrant was issued for two cellular phones which belong to **OLMEDO**. This search warrant resulted in the extraction of an "Advanced Logical" and "File System" extraction of the Samsung cellular phone which was then provided to investigators. A review of the information contained in Samsung cellular phone revealed that **OLMEDO** used his cellular phone to communicate via SMS and MMS messages to coordinate narcotics related transactions. During one such conversation with a person identified by contact records contained in the Samsung phone as "Kevin", **OLMEDO** requests "Kevin's" email address and then continues the conversation about narcotics. **OLMEDO** tells "Kevin" during this chat string - "Yea u had a week to get sell if not the best and cheapest boi to hit down south". "Boi" is often used as a slang term for heroin. **OLMEDO** continued to speak with "Kevin" about financial interactions and narcotics after requesting "Kevin's" email address.

11. Contained in the Samsung cellular phone was a "WhatsApp" account. This account is associated with osamuel87@gmail.com as an email address to backup the chats and data contained within his "WhatsApp" account under the username "Sabroson" which contains a photograph of **OLMEDO**. This "WhatsApp" account was used to coordinate narcotics transactions between **OLMEDO** and co-conspirators such as "Woff Woff" (known to investigators as David Eugene WOLFF). In one such "WhatsApp" chat string, a message was sent from **OLMEDO's** phone to WOLFF on or about July 9, 2019 at 1210 hrs. stating – "Question u want to sell 5 zips for 285 each". "Zips" are known to law enforcement as a slang term for ounce quantities of narcotics.

12. The Samsung phone contacts contain a phone contact for "Samuel Devo" displaying email **osamueld87@gmail.com**. **OLMEDO's** Samsung User Accounts which were

4

recovered during the phone extraction contained the email address **osamueld87@gmail.com** with an associated username of "Jose Moreno Perez".

13. The phone contains applications such as "Gmail", "Google", "Chrome", "Drive", and "Google Pay". All of these applications can be accessed within the Samsung cellular phone. The "Gmail" and "Drive" accounts appear to be linked to the email address **osamueld87@gmail.com**.

## BACKGROUND CONCERNING E-MAIL

14. In my training and experience, I have learned that Google, Inc., provides a variety of on-line services, including electronic mail ("e-mail") access, to the public. Google, Inc., allows subscribers to obtain e-mail accounts at the domain name @gmail.com like the e-mail account listed in Attachment A. Subscribers obtain an account by registering with Google, Inc. During the registration process, Google, Inc., asks subscribers to provide basic personal information. Therefore, the computers of Google, Inc., are likely to contain stored electronic communications (including retrieved and unretrieved e-mail for Google, Inc., subscribers) and information concerning subscribers and their use of Google, Inc., services, such as account access information, e-mail transaction information, and account application information. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

15. In addition to emails, a Google, Inc., subscriber can store with the provider files such as address books, contact or buddy lists, calendar data, pictures, and other files, on servers maintained and/or owned by Google, Inc. In my training and experience, evidence of who was using an e-mail account may be found in address books, contact/buddy lists, e-mail in the account, and attachments to e-mails, including pictures and files.

5

16. In my training and experience, e-mail providers generally ask their subscribers to provide certain personal identifying information when registering for an e-mail account. Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative e-mail addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

17. In my training and experience, e-mail providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the account. Also, e-mail providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address details can help to identify which computers or other devices were used to access the e-mail account.

18. In my training and experience, in some cases, e-mail account users will communicate directly with an e-mail service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. E-mail providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications. In my training and experience, such information may constitute evidence

of the crimes under investigation because the information can be used to identify the account's user or users.

## CONCLUSION

19. Based on the forgoing, I request that the Court issue the proposed search warrant. Because the warrant will be served on Google, Inc., who will then compile the requested records at a time convenient to it, there exist reasonable cause to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

Matthew J. Chakwin, Special Agent
Homeland Security Investigations

THE ABOVE AGENT HAS ATTESTED TO THIS AFFIDAVIT PURSUANT TO FED. R. CRIM. P. 4.1(b)(2)(B) THIS 12th DAY OF SEPTEMBER, 2019.

P. Bradley Murray
U.S. Magistrate
Judge

Digitally signed by P. Bradley Murray U.S. Magistrate Judge
DN: cn=P. Bradley Murray U.S. Magistrate Judge, o=Southern District of Alabama, ou=United States District Court, email=efile_murray@alsd.uscourts.gov, c=US
Date: 2019.09.13 08:18:48 -06'00'

P. BRADLEY MURRAY
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with **osamueld87@gmail.com** that is stored at premises controlled by Google, Inc., a company that accepts service of legal process at 1600 Amphitheatre Parkway, Mountain View, California 94043.

## ATTACHMENT B

### Particular Things to be Seized

I.    **Information to be disclosed by Google, Inc., (the "Provider").**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any e-mails, records, files, logs, or information that has been deleted but is still available to the Provider, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f) on August 21, 2019, the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A:

    a.    The contents of all e-mails associated with the account, including stored or preserved copies of e-mails sent to and from the account, draft e-mails, the source and destination addresses associated with each e-mail, the date and time at which each e-mail was sent, and the size and length of each e-mail;

    b.    All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

    c.    The types of service utilized;

    d.    All records or other information stored at any time by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, videos, and files;

    e.    All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken.

## II. Information to be seized by the government.

All information described above in Section I that constitute fruits, contraband, evidence and instrumentalities of violations of conspiracy to possess with the intent to distribute narcotics, in violation of Title 21, United States Code, Section 846, this violation involving **OLMEDO** and others who at this time may not have been identified or have been identified as co-conspirators and occurring after January 1, 2019, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

(a) The possession, sale, receipt, coordination of receipt or distribution, or attempt to purchase, possess, sell, receive, or coordinate the receipt or distribution of narcotics.

(b) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

(c) The identity of the person(s) who communicated with the user ID about matters relating to the conspiracy to possess with the attempt to distribute narcotics and other documents, photos, videos, recordings, files, including records that help reveal their whereabouts.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Google, Inc., and my official title is _____. I am a custodian of records for Google, Inc. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Google, Inc., and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b. such records were kept in the ordinary course of a regularly conducted business activity of Google, Inc.; and

c. such records were made by Google, Inc. as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____  _____
Date                              Signature